IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OJORE MULUMBA AJAMU, VII, ) | |
| ) | |
| Plaintiff, ) | 8:05cv60 |
| ) | |
| vs. ) | ORDER |
| ) | ON INITIAL REVIEW |
| DOUGLAS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

     This matter is before the court for initial review of the complaint filed by the plaintiff, Ojore Mulumba Ajamu, VII, a prisoner in the custody of the Douglas County Correctional Center ("DCCC"), who is proceeding pro se and in forma pauperis ("IFP"). The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (screening of prisoner complaints).

     The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that the defendants have inflicted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. In his complaint, the plaintiff protests a policy or custom at DCCC of routinely chaining suicidal inmates to iron beds for prolonged periods, by handcuffs and leg irons, thereby, among other problems, making such inmates vulnerable to physical assaults by disgruntled corrections officers. Personnel implementing the shackling policy and/or participating in assaults include Officers Alderich, Barnes and Horten. Supervisory DCCC personnel who have promulgated, implemented or acquiesced in the "chaining" policy, with knowledge that the practices violate the Nebraska Jail Standards and may expose the inmates to abuse, include Officers Hubbard, Lee and McPhillis and former Warden Houston.

     According to the complaint, because the challenged practices take place in "suicide rooms" at DCCC, the areas are continuously videotaped by cameras installed in the facility, and videotapes are required to be maintained for the use of a grand jury in the event a suicide does take place. The plaintiff asks the court to order production of the videotapes of Cell # 5, in Unit # 15 of DCCC, for the dates of January 5, 2005, January 14, 2005, and January 27, 2005. I will direct the defendants, through counsel, to produce and file with the court a copy of the videotapes of that cell for those three dates.

## DCCC / Douglas County

     One of the named defendants in this action is Douglas County Corrections. Construing the complaint liberally, the intended defendant is Douglas County, Nebraska,

1

rather than the Department of Corrections or DCCC.  The County oversees DCCC and is responsible for its operations and policies.  The Department, the jail and other units within the County lack the capacity to sue or be sued in their own names.

### Presumption of Official Capacity

The complaint also names seven persons as defendants.  However, the complaint does not specify whether those persons are sued in their "individual capacity," "official capacity," or both capacities.   When not specified, the law presumes that a defendant is sued *only* in an official capacity.  See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

### Meaning of "Official Capacity"

A suit against a public employee in his or her official capacity is actually a suit against the public employer.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Therefore, a claim against a County employee, in his or her official capacity, is in reality a claim against the County itself, as the entity that employs the officer.  See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

### Amendment to the Complaint

If suing the defendants, in their official capacity *only*, is not the plaintiff's intent, he may file a short amendment to the complaint within 30 days of the date of this Order, specifying that the persons named as defendants are sued in their individual capacity or in both their individual and official capacities.  If the plaintiff does amend his complaint to sue any defendants in their individual capacity or in both capacities, he shall request additional summons forms and Form 285s.  That is because government employees are served in different locations in their individual and official capacities.

### PLRA

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison.  42 U.S.C. § 1997e(a) states:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff at the jail, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

On the other hand, the purposes for exhaustion cannot be served if grievance procedures are in reality unavailable to a prospective plaintiff.  See, e.g., Lyon v. Vande

Krol, 305 F.3d 806, 808-09 (8th Cir. 2002): "For instance, in Foulk v. Charrier, 262 F.3d 687, 697-98 (8th Cir. 2001), we concluded that the district court lacked a sufficient factual basis to find that an inmate had failed to exhaust his administrative remedies when prison officials had refused to respond to his informal resolution request that he completed to satisfy the requirements of the first part of the prison's three-part grievance process. In Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001), we similarly held that an inmate was prevented from exhausting his administrative remedies when prison officials failed to respond to his requests for grievance forms, and that the inmate's failure to exhaust those remedies was not a bar to suit because they were not 'available' to him."

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages. In addition, the plaintiff has alleged physical abuse.

This case is assigned to the docket of District Judge Richard G. Kopf. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send one summons and one Form 285 to the plaintiff together with a copy of this Order.

2. The plaintiff shall, as soon as possible, complete the forms and send them back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3. When completing the forms for service of process on Douglas County (and on the defendants in their official capacity - which means Douglas County), the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." The address of the County Clerk is: Douglas County Clerk, 1819 Farnam Street H08, Omaha, NE 68183.

4. The plaintiff shall have 30 days from the date of this Order to file, if he so wishes, an Amendment to his complaint specifying whether the persons named as defendants in the complaint are sued in their individual capacity, or official capacity, or both capacities. If the plaintiff files such an Amendment, he shall be entitled to additional

3

summons and 285 forms. It would be helpful if he could request the additional forms if he files an Amendment.

5. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. A plaintiff proceeding IFP does not have to copy the complaint; the court will do so on the plaintiff's behalf. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

7. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

9. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

10. Each defendant shall have twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

11. Upon entering an appearance for Douglas County, counsel for Douglas County shall immediately produce and file with the court a copy of the videotapes of Cell # 5, in Unit # 15 of DCCC, for the dates of January 5, 2005, January 14, 2005, and January 27, 2005. If the tapes, as produced, have been edited, counsel shall also produce unedited footage for the same period for each camera which has recorded any part of Cell # 5, in Unit # 15 of DCCC, on those dates.

12. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

13. The plaintiff shall keep the court informed of his current address at all times

while this case is pending.  Failure to do so may result in dismissal.

     DATED this 21st day of April, 2005.

                                BY THE COURT:

                                s/ F. A. GOSSETT
                                United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.     A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.     A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.     Do not copy your complaint to attach to the summons; the court will do that for you.

4.      You may serve only defendant(s) named in the case caption of the complaint.  If you wish to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.     Be sure to print your case number on all forms.

6.     You must give an address for the party to be served.  The U.S. Marshal will not know a defendant's address.

7.     For service on Douglas County or on a Douglas County employee in an *official* capacity, the address of the County Clerk is:  Douglas County Clerk, 1819 Farnam Street H08,  Omaha, NE 68183.

8.     On the other hand, County employees in their *individual* capacity may be served where they can be found, e.g., at home or at their present place of employment. However, the court will not issue a summons for service of process on a defendant in his or her individual capacity unless the complaint or an amendment to the complaint specifies that the defendant is sued in his or her individual capacity.

9.     Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

10.    Where a form 285 states:  "send notice of service copy to requestor at name and address" print your name and address.

11.    Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

12.    Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.