IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OJORE MULUMBA AJAMU, VII, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv60 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 20, the defendants' Motion to Dismiss the plaintiff's complaint; (2) filing no. 29, the plaintiff's Motion for Copies of the complaint (filing no. 1) and Supplements to complaint (filing nos. 14, 16, 17 and 22); (3) filing no. 30, the plaintiff's Motion to prohibit opening of legal mail and request for presentence investigation report; and (4) filing no. 34, the plaintiff's Motion for help regarding mail and to dismiss defendant-Robert Houston from this litigation. The plaintiff, Ojore Mulumba Ajamu, VII, presently a State prisoner, brings this action concerning events while he was a pretrial detainee in the custody of the Douglas County Correctional Center ("DCCC").

In his complaint, the plaintiff protests a policy or custom at DCCC of routinely chaining suicidal inmates to iron beds for prolonged periods, by handcuffs and leg irons, thereby, among other problems, making such inmates vulnerable to physical assaults by disgruntled corrections officers. Personnel implementing the shackling policy and/or participating in assaults include Officers Alderich, Barnes and Horten. Supervisory DCCC personnel who have promulgated, implemented or acquiesced in the "chaining" policy, with knowledge that the practices violate the Nebraska Jail Standards and may expose the

1

inmates to abuse, include Officers Hubbard, Lee and McPhillis and former Warden Houston. Thus, the plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that the defendants, staff at DCCC, inflicted cruel and unusual punishment on the plaintiff in violation of the Eighth Amendment to the United States Constitution.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). In light of that strict standard, the plaintiff's complaint will not be dismissed for failure to state a claim on which relief may be granted. Therefore, filing no. 20, the defendants' Motion to Dismiss, is denied.

Filing no. 29, the plaintiff's Motion for Copies, is granted. As the plaintiff is proceeding in forma pauperis, the Clerk of Court shall provide the plaintiff with a copy of the following documents free of cost: the complaint (filing no. 1) and the Supplements to the complaint (filing nos. 14, 16, 17 and 22).

Insofar as filing nos. 30 and 34 relate to the opening of the plaintiff's mail, any problems the plaintiff experienced at DCCC with his mail are moot now that the plaintiff has transferred from DCCC to a State prison. In addition, the defendants in this action are all staff at DCCC, with the exception of Robert Houston, and the plaintiff moves in filing no. 34 to dismiss Robert Houston, the only defendant who is a State employee. Therefore, any problems the plaintiff may presently experience with his mail in State custody cannot be the subject of this litigation, which exclusively concerns events at DCCC.

Filing no. 34 is granted insofar as the plaintiff moves to dismiss Robert Houston as a defendant. Mr. Houston is dismissed, without prejudice, from this litigation.

The court has no ability to order the production of the plaintiff's presentence report, as requested in filing no. 30. The plaintiff may wish to contact the attorney who represented him in the proceeding in which the presentence report was prepared.

THEREFORE, IT IS ORDERED:

1. That filing no. 20, the defendants' Motion to Dismiss, is denied;

2. That filing no. 29, the plaintiff's Motion for Copies, is granted, and the Clerk of Court shall provide the plaintiff, without cost, with copies of the complaint (filing no. 1) and Supplements to the complaint (filing nos. 14, 16, 17 and 22);

3. That filing no. 30, the plaintiff's Motion to prohibit opening of legal mail and request for presentence investigation report, is denied; and

4. That filing no. 34, the plaintiff's Motion for help regarding mail and to dismiss defendant-Robert Houston from this litigation is granted in part and denied in part as follows:

    a. Robert Houston is dismissed, without prejudice, from this litigation; and

      b.    Any problems the plaintiff may presently experience with his mail in State custody cannot be the subject of this litigation, which exclusively concerns events at DCCC.

November 16, 2005.        BY THE COURT:

                                     /s *Richard G. Kopf*
                                     United States District Judge