IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OJORE MULUMBA AJAMU, VII, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv60 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| OJORE MULUMBA AJAMU, VII, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv277 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| OJORE MULUMBA AJAMU VII, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv319 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DR. GENSLER and | ) | |
| DOUGLAS COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter is before the court on the following pending motions:

1. The Motions for Information filed by the plaintiff, Ojore Mulumba Ajamu VII, as:
    a. Filing no. 55 in Case No. 8:05cv60,
    b. Filing no. 41 in Case No. 8:05cv277, and
    c. Filing no. 46 in Case No. 8:05cv319;

2. The plaintiff's Motions for September Settlements filed as:
    a. Filing no. 36 in Case No. 8:05cv277, and
    b. Filing nos. 40 in Case No. 8:05cv319;

1

3. The plaintiff's Motions for Copies filed as:
    a. Filing no. 51 in Case No. 8:05cv60,
    b. Filing no. 39 in Case No. 8:05cv277, and
    c. Filing nos. 41 and 44 in Case No. 8:05cv319;

4. The plaintiff's Motions for Review filed as:
    a. Filing no. 57 in Case No. 8:05cv60,
    b. Filing no. 42 in Case No. 8:05cv277, and
    c. Filing no. 47 in Case No. 8:05cv319;

5. The plaintiff's Motions for Subpoenas filed as:
    a. Filing no. 56 in Case No. 8:05cv60,
    b. Filing no. 44 in Case No. 8:05cv277, and
    c. Filing no. 50 in Case No. 8:05cv319;

6. The plaintiff's Motions for Medical Records filed as:
    a. Filing no. 49 in Case No. 8:05cv60,
    b. Filing no. 37 in Case No. 8:05cv277, and
    c. Filing no. 42 in Case No. 8:05cv319;

7. The defendants' Motion to Substitute Attorney filed as:
    a. Filing no. 62 in Case No. 8:05cv60.

**Background**

The above-entitled cases arose out of the period the plaintiff, Ojore Mulumba Ajamu VII, spent as a pretrial detainee at the Douglas County Correctional Center ("DCCC"). In each case, the plaintiff, proceeding in forma pauperis ("IFP"), alleges civil rights claims pursuant to 42 U.S.C. § 1983 against corrections and/or medical staff at the DCCC.

In Case No. 8:05cv60, the plaintiff protests a policy or custom at DCCC of chaining suicidal inmates to iron beds for prolonged periods, by handcuffs and leg irons, thereby, among other problems, making such inmates vulnerable to physical assaults by disgruntled corrections officers. According to the plaintiff, personnel implementing the shackling policy and/or participating in assaults included Officers Alderich, Barnes and Horten. Supervisory DCCC personnel implemented or acquiesced in the "chaining" policy, with knowledge that the practices violate the Nebraska Jail Standards and may expose the inmates to abuse.

In Case No. 8:05cv277, the plaintiff alleges that on April 28, 2005, corrections officers Dutcher, McCoullan and Denker at DCCC, who were irritated that the plaintiff had been kicking his cell door, entered the plaintiff's cell and beat the plaintiff severely and excessively, well beyond any reasonable or legitimate use of force. In Case No. 8:05cv319, the plaintiff complains that he had been continuously treated for epilepsy for 19 years with a prescribed medication, Depakote (500 mg 3 times per day). Then in January of 2005, medical staff at DCCC, abruptly and without medical justification, cut off

the plaintiff's medication, leaving him to suffer withdrawal, seizures, adverse physical and mental effects and epileptic symptoms.

### Motions for Information

On August 7, 2006, in each of his cases, the plaintiff filed a document entitled "Important Notice," informing the court, among other matters, that he does not have a brother named Royce Howard Thomas. In accordance with Mr. Ajamu's wishes, his Notice was filed in all of the above cases, thereby providing the information he sought to disseminate to the persons he listed in his Notice. However, because it was not clear to the court whether Mr. Ajamu wanted additional "relief," that is, whether he wanted the court to take additional measures on his behalf in connection with the Notice, I inquired further in my Order of August 9, 2006, in which I noted receipt of Mr. Ajamu's Notice.

Mr. Ajamu has responded to the questions posed in my Order of August 9, 2006, by filing the above-referenced Motions for Information and additional Clarifications (e.g., filing no. 46 in Case No. 8:05cv277). In response to those matters, I hereby assure the plaintiff that no one has been impersonating him in his cases in this court, and that, as a result of the plaintiff's Notice, which is on file in each of his cases, no one, Royce Howard Thomas or anyone else, will be able to come forward and make a claim for relief on the plaintiff's behalf, posing as his brother, sister or other alleged relative, to this court. Threats to the contrary by anyone should be ignored. Accordingly, all of the plaintiff's Motions for Information are granted.

### Motions for September Settlements

The documents filed as Motions for September Settlements are in fact Notices by the plaintiff of the amounts the plaintiff estimates would be appropriate for settlement of the above-entitled cases. Thus, because the documents provide information rather than necessitate action by the court, they will be granted in the limited sense that they are noted for the record. However, I must also comment that no party may be compelled to settle a case.

### Motions for Copies

In his Motions for Copies, the plaintiff requests a copy of his initial pleading (complaint) filed in each case. The motions are granted. The Clerk of Court shall send the plaintiff, without charge, a copy of each initial complaint, all attachments thereto, and a docket sheet in the above cases.

### Motions for Review

The plaintiff's requests to have a review of his cases are granted. This Memorandum and Order shall serve as the requested reviews.

**Motions for Subpoenas and Medical Records**

The plaintiff seeks to obtain his entire medical file from the DCCC and Dr. Thomas Gensler for use in each of his cases. He also wants to subpoena his medical records from the State of Nebraska relating to his treatment for epilepsy by Dr. Williams while the plaintiff has been in the custody of the Nebraska Department of Correctional Services ("DCS").[1] Finally, the plaintiff wishes to subpoena medical records from the Social Security Administration regarding his receipt of disability and medicaid program benefits.

Dr. Gensler practiced medicine at DCCC when the plaintiff's claims arose in each of the above cases. Dr. Gensler is a named defendant in Case Nos. 8:05cv60 and 8:05cv319, and Douglas County (DCCC) is a defendant in all three cases. Douglas County is most likely to be the party with actual custody of the plaintiff's medical file. Construing the Motions for Subpoenas liberally insofar as the motions relate to Dr. Gensler, the plaintiff may simply serve a Request for Production of Documents pursuant to Fed. R. Civ. P. 34 for his entire DCCC medical file on the attorney for Douglas County.[2] If Douglas County fails to produce the file, the plaintiff may file a Motion to Compel with the court. The plaintiff's DCCC medical file appears relevant to his cases. Upon production, the plaintiff may use the relevant records from his medical file in each of his cases. The plaintiff should not require three sets of the same medical records.

Fed. R. Civ. P. 45 governs issuance and service of subpoenas directed to a nonparty. As the plaintiff is proceeding in forma pauperis ("IFP"), the court can issue and serve subpoenas at government expense on his behalf. However, the plaintiff must complete the forms. Therefore, as for the subpoena upon the Social Security Administration, the court will send the plaintiff a blank subpoena to be completed and returned to the court for issuance and service.

The court will also send the plaintiff a subpoena to be completed and returned to the Clerk of Court for service upon DCS. However, the documents the plaintiff wishes to obtain from DCS may not require a subpoena, because an alternative procedure exists which the plaintiff may prefer to use. The plaintiff is entitled to seek copies of his medical records pursuant to Neb. Rev. Stat. §§ 71-8401 to 71-8407, by a request to "the provider."

Neb. Rev. Stat. § 71-8403, entitled "Access to medical records," states:

"(1) A patient may request a copy of the patient's medical records or may request to examine such records. Access to such records shall be provided upon request pursuant

---

[1]DCS operates prisons including the Tecumseh State Correctional Institution ("TSCI") and the Lincoln Correctional Center ("LCC") on which the plaintiff wishes to serve subpoenas for medical records.

[2]A copy of the rules for written discovery are attached to this Order.

4

to sections 71-8401 to 71-8407, except that mental health medical records may be withheld if any treating physician, psychologist, or mental health practitioner determines in his or her professional opinion that release of the records would not be in the best interest of the patient unless the release is required by court order. The request and any authorization shall be in writing and shall be valid for one hundred eighty days after the date of execution by the patient.

(2) Upon receiving a written request for a copy of the patient's medical records under subsection (1) of this section, the provider shall furnish the person making the request a copy of such records not later than thirty days after the written request is received.

(3) Upon receiving a written request to examine the patient's medical records under subsection (1) of this section, the provider shall, as promptly as required under the circumstances but no later than ten days after receiving the request: (a) Make the medical records available for examination during regular business hours; (b) inform the patient if the records do not exist or cannot be found; (c) if the provider does not maintain the records, inform the patient of the name and address of the provider who maintains such records, if known; or (d) if unusual circumstances have delayed handling the request, inform the patient in writing of the reasons for the delay and the earliest date, not later than twenty-one days after receiving the request, when the records will be available for examination. The provider shall furnish a copy of medical records to the patient as provided in subsection (2) of this section if requested.

(4) This section does not require the retention of records or impose liability for the destruction of records in the ordinary course of business prior to receipt of a request made under subsection (1) of this section. A provider shall not be required to disclose confidential information in any medical record concerning another patient or family member who has not consented to the release of the record."

See also Neb. Rev. Stat. § 83-178(2): "An inmate may obtain access to his or her medical records by request to the provider pursuant to sections 71-8401 to 71-8407 notwithstanding the fact that such medical records may be a part of his or her individual department file. The department retains the authority to withhold mental health and psychological records of the inmate when appropriate."

### Substitute Attorney

In the defendants' Motion to Substitute Attorney (filing nos. 62 and 63 in Case No. 8:05cv60), Arturo Perez, Esq., who has left the County Attorney's Office, has withdrawn as counsel for the defendants. As of this date, the records of this court do not reflect any entry of appearance for the defendants upon Mr. Perez' departure. An attorney must enter an appearance on behalf of the defendants in Case No. 8:05cv60 by no later than 10 days after entry of this Order. Filing no. 62 in Case No. 8:05cv60 is granted only because all previous attorneys of record for the defendants in that case have already left the Douglas County Attorney's office, and thus they can no longer represent the defendants.

THEREFORE, IT IS ORDERED:

1. In Case No. 8:05cv60, an attorney for the defendants must enter an appearance by no later than 10 days after entry of this Order; the Clerk of Court shall send the plaintiff a copy of his initial complaint, all attachments thereto, and a docket sheet; and the following pending motions are granted insofar as set forth above:

   a. Filing no. 49
   b. Filing no. 51
   c. Filing no. 55
   d. Filing no. 56
   e. Filing no. 57
   f. Filing no. 62;

2. In Case No. 8:05cv277, the following pending motions are granted insofar as set forth above, and the Clerk of Court shall send the plaintiff a copy of his initial complaint, all attachments thereto, and a docket sheet:

   a. Filing no. 36
   b. Filing no. 37
   c. Filing no. 39
   d. Filing no. 41
   e. Filing no. 42
   f. Filing no. 44;

3. In Case No. 8:05cv319, the following pending motions are granted insofar as set forth above, and the Clerk of Court shall send the plaintiff a copy of his initial complaint, all attachments thereto, and a docket sheet:

   a. Filing no. 40
   b. Filing no. 41
   c. Filing no. 42
   d. Filing no. 44
   e. Filing no. 46
   f. Filing no. 47
   g. Filing no. 50; and

4. The Clerk of Court shall send the plaintiff two blank subpoena forms.

DATED this 20th day of February, 2007.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

## RULES FOR WRITTEN DISCOVERY

Rule 31. Depositions Upon Written Questions

(a) Serving Questions; Notice.

(1) A party may take the testimony of any person, including a party, by deposition upon written questions without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45.
(2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties.
(A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by third-party defendants;
(B) the person to be examined has already been deposed in the case; or
(C) a party seeks to take a deposition before the time specified in Rule 26(d).
(3) A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with the provisions of Rule 30(b)(6).
(4) Within 14 days after the notice and written questions are served, a party may serve cross questions upon all other parties. Within 7 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 7 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.

(b) Officer to Take Responses and Prepare Record. A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly, in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer.

(c) Notice of Filing. When the deposition is filed the party taking it shall promptly give notice thereof to all other parties.

(Last amended effective Dec. 1, 1993.)

Rule 33. Interrogatories to Parties

(a) Availability. Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2). Without leave of court or written stipulation, interrogatories may not be served before the time specified in Rule 26(d).

(b) Answers and Objections.

(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
(2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.
(3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.
(4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.
(5) The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

(c) Scope; Use at Trial. Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence.

An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

(d) Option to Produce Business Records. Where the answer to an interrogatory may be derived or ascertained from the business records, including electronically stored information, of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts, or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

(Last amended effective Dec. 1, 2006.)

Rule 34. Production of Documents, Electronically Stored Information, and Things and Entry Upon Land for Inspection and Other Purposes

(a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test, or sample any designated documents or electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained -- translated, if necessary, by the respondent into reasonably usable form, or to inspect, copy, test, or sample any designated tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

(b) Procedure. The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. The request may specify the form or forms in which electronically stored information is to be produced. Without leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d).

The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, including an objection to the requested form or forms for producing electronically stored information, stating the reasons for the objection. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. If objection is made to the requested form or forms for producing electronically stored information -- or if no form was specified in the request -- the responding party must state the form or forms it intends to use. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

Unless the parties otherwise agree, or the court otherwise orders:
(i) a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request;
(ii) if a request does not specify the form or forms for producing electronically stored information, a responding party must produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable; and
(iii) a party need not produce the same electronically stored information in more than one form.

(c) Persons Not Parties. A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

(Last amended effective Dec. 1, 2006.)

Rule 36. Requests for Admission

(a) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

(Last amended effective Dec. 1, 1993.)